# Third District Court of Appeal

## State of Florida

Opinion filed March 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1593
Lower Tribunal No. F15-3835
_____

**Rodrick Wimblery,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Daniel J. Tibbitt, P.A., and Daniel Tibbitt, for appellant.

Ashley Moody, Attorney General, and Joanne Diez, Assistant Attorney General, for appellee.

Before EMAS, MILLER and LOBREE, JJ.

PER CURIAM.

Rodrick Wimblery appeals from the trial court's order which denied, without evidentiary hearing, his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In his postconviction motion, Wimblery asserted two claims: (1) the posttrial affidavit executed by Jonathan Labrada, the victim, qualifies as newly discovered evidence and is of such a nature that it would probably produce an acquittal on retrial; and (2) trial counsel provided ineffective assistance of counsel for eliciting from the lead detective, during his trial testimony, that the defendant invoked his right to remain silent.

We affirm without discussion the trial court's order summarily denying the second claim. However, because the record fails to show conclusively that the appellant is entitled to no relief on the first claim, see Florida Rule of Appellate Procedure 9.141(b)(2)(D),[1] we reverse that portion of the trial court's order and remand this cause for an evidentiary hearing on the issue of whether the averments contained in the affidavit of the victim, Jonathan Labrada, constitute newly discovered evidence, and, if so, whether such

---

[1] Rule 9.141(b)(2)(D), addresses the proper disposition of an appeal from a summary denial of a motion for postconviction relief:

> On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.

newly discovered evidence is of such nature that it would probably produce an acquittal on retrial. Jones v. State, 709 So. 2d 512, 521 (Fla. 1998) (Jones II) (holding that to be considered newly discovered evidence, the evidence (1) "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence"; and (2) "the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial") (quotations omitted).

Affirmed in part, reversed in part, and remanded with instructions.